UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Sandi Sweetland

ARCEROCK13MAY00801

(Name of the plaintiff or plaintiffs)

v.

John McHugh, Eric Fanning/Acting Secretary

Secretary of the Army

Patrick Murphy, Undersecretary

(Name of the defendant or defendants)

CIVIL ACTION

NO. 16-CV-4049

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. Plaintiff ☒ DOES  ☐ DOES NOT demand a jury trial.

### I. PARTIES

2. The plaintiff is Sandi Sweetland ARCEROCK13MAY00801,

whose street address is General Delivery,

(city) Davenport   (state) Iowa   (ZIP) 52802

(Plaintiff's telephone number)   (563) – 607-1282

3. The defendant is Secretary of the Army, whose

street address is for complaint purposes: US EEOC, PO Box 77960, Washington DC 20013 (703) 614-2487
business 101 Army Pentagon; Washington DC 20310-0101,

(city) Washington   (state) D.C.   (ZIP) 20310

(Defendant's telephone number)   (703) – 614-2487

4. The alleged discrimination occurred at Corps of Engineers, Rock Island District

(city) Rock Island   (state) IL   (ZIP) 61204

10. Plaintiff ☐ HAS ☒ HAS NOT received a Right to Sue Notice. If yes, Plaintiff's Right to Sue Notice was received on or about (date) _____.

   **[Attach copy of Notice of Right to Sue to this complaint.]**

   ### III. FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [*check only those that apply*]:

   (a) ☐  by failing to hire the plaintiff.

   (b) ☒  by terminating the plaintiff's employment.

   (c) ☒  by failing to promote the plaintiff.

   (d) ☒  by failing to stop harassment;

   (e) ☐  by failing to reasonably accommodate the plaintiff's disabilities.

   (f) ☐  by failing to reasonably accommodate the plaintiff's religion.

   (g) ☒  by retaliating against the plaintiff because the plaintiff did something to assert rights protected by the laws;

   (h) ☒  by coercing, intimidating, threatening or interfering with the plaintiff's exercise or enjoyment of rights;

   (i) ☒  with respect to the compensation, terms, conditions, or privileges of employment;

   (j) ☒  other (specify): Concerns regarding ongoing inappropriate behaviors. Feb-16-2012 a sex DVD manual was openly played continuously all morning long in the office. I received an email asking for help with sections of the sex dvd manual
   Brought this to supervisor's attention on 2 occasions in March & May 2012. shortly afterwards I began experiencing problems which resulted in a series of adverse actions including AWOL and Suspension and made conditions completely uncomfortable to my ever feeling 'normal' or functional in the office. Boss made a lot of puns which were repeated by others during the workday/workweek. I thought I would have some protection under the No Fear Act as far as reporting office behaviors to him which I was sometimes experiencing personally and didn't always enjoy and wanted the atmosphere to change.

3

12. State here briefly and as clearly as possible the essential facts of your claim. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights. It is not necessary to make legal arguments or cite any cases or statutes.

I took inappropriate office concerns to my supervisor. He said that he would do something but he wasn't sure what. Had that conversation in March and again in May-2012 with the same exact response. I wasn't always comfortable with things that would go on in the office environment. I felt my supervisor made more of a mockery of details in my life and openly shared details with his coworkers he was close to who were also his 'buddies'. I have no idea what he did about the situation. Begining after our second discussion in May I began to become approached with things related to time such as a 5 minute message my supervisor planned in June for me to give in August to all of my coworkers on Time Procedures; pulling supervisor's time file so he and his Chief could review, scheduling a meeting on office time procedures which never got addressed or scheduled and that was initiated by the Assistant Engineering Chief. I brought some of my concerns to the table and it seemed the topic just got dropped. I scanned 30-days of unsigned leave slips to show supervisor's lack of signing paperwork or office leave slips and that is the topic he begins to give me a hard time over and I start to receive AWOL. That summer I felt I couldn't make plans with family or grandkids in town for the summer.

I thought that the Department of Army had a Zero Tolerance Policy and that the my supervisor was somehow obligated to look into what I shared with him, beginning with sex dvd manuals being played on government computers during the workday and the guys getting bothered over it that someone sends me an email asking him for help. That topic seemed to go on from 7:30 a.m. to at least around 11 when I got the email. If my supervisor was listening or reacting objectively he would have realized I was telling him something that he should know about his office. I thought he should know. But I also thought that he would act. I felt that I faced a more hostile work environment after attempting to talk to my supervisor.

13. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): restore personnel file. obtain a government position at and/or with promotion potential. Compensate back benefits. Reverse all adverse actions to my employment record and gain the ability to continue in another government position. I had approx. 17-yrs Federal Civil Service.

4

address situation and concerns prior to adverse actions received in months following Feb-May 2012.

_____

_____

_____

_____

(g) [x]    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [x]    Grant such other relief as the Court may find appropriate.

_(signature)_
(Plaintiff's signature)

Sandi Sweetland
(Plaintiff's name)

_____

General Delivery
(Plaintiff's street address)

(City) Davenport          (State) Iowa          (ZIP) 52802

(Plaintiff's telephone number) (563) – 607-1282

Date: 1-March-2016



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Sandi Sweetland, a/k/a,
Mao P.,[1]
Petitioner,

v.

Eric Fanning,
Acting Secretary,
Department of the Army,
Agency.

Petition No. 0320160015
MSPB No. CH-0752-15-0485-I-1

DECISION

On December 14, 2015, Petitioner filed a petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. For the following reasons, we DENY Petitioner's petition for review.

BACKGROUND

Petitioner worked as an Administrative Support Assistant at the Agency's facility in Rock Island, Illinois. Petitioner alleged that the Agency discriminated against her on the basis of reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when it removed her in January 2013, and subjected her to a hostile work environment.

Petitioner filed a formal EEO complaint and the Agency issued a final decision finding no unlawful employment discrimination. The Agency issued and mailed the final decision on February 6, 2015, which Petitioner received on April 22, 2015.

Petitioner filed an appeal with the MSPB on May 20, 2015. The MSPB Administrative Judge (AJ) issued an order advising Petitioner that her appeal appeared untimely and instructed her to show that her appeal was timely filed or that there was good cause for its untimeliness. The AJ also instructed the Agency to submit evidence pertaining to Petitioner's timeliness and the

---

[1] This case has been randomly assigned a pseudonym which will replace Petitioner's name when the decision is published to non-parties and the Commission's website.

0320160015

2

Agency presented evidence that it mailed the final decision to Petitioner's address of record and that she failed to claim it, despite repeated notices. Petitioner did not respond to the order and the AJ dismissed the appeal. Petitioner then filed a petition for review with the Full Board.

In her petition, Petitioner concedes that the Agency mailed the final decision on February 6, 2015, to the proper address but that its delivery was delayed due to a mistake by the U.S. Postal Service. The Full Board decided not to address this argument because it was raised for the first time in the petition for review. Accordingly, the MSPB affirmed the dismissal of Petitioner's appeal as untimely filed, without good cause shown for delay, in the Final Order dated November 6, 2015.

Petitioner then filed the instant petition with the Commission on December 14, 2015.

## ANALYSIS AND FINDINGS

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals and complaints on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. Here, the MSPB dismissed Petitioner's appeal for being untimely. The Commission has no jurisdiction over these types of procedural determinations by the MSPB. Because the MSPB's decision did not address any matters within the Commission's jurisdiction, the Commission has no jurisdiction to review Petitioner's case. Consequently, the Commission will DENY consideration of the petition for review.

## PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The

court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

JAN 2 8 2016
Date